I'm going to start with the violent felon in possession of body armor conviction, partly because that's the type of offense or offense that doesn't get addressed in other cases so frequently. First, the analysis and rehave extends to the body armor conviction. You have the same language in section 924A in a different subsection. You also have comparable elements in the underlying statute, a status element, a possession element, and an item that can't be possessed. The government argues that knowingly has to be read to require only knowledge as a felony and not knowledge that it was a crime of violence. The main argument seems to be that it would be too difficult to prove knowledge of violent felon status. It sort of also floats the idea that you can somehow break up the status element. Those arguments don't work for several reasons. Let me start with the difficulty of proof argument. There's two problems with that. First of all, that sort of policy concern can override a textual analysis of the statute. The most basic principle of statutory construction is that the text of the statute controls. Second, it actually is not going to be that difficult to prove a defendant's knowledge of his violent felon status. You have to understand what the government needs to prove. It doesn't need to prove he knows all this legal stuff about divisibility and categorical approach and that kind of thing. All it has to prove is that he knew the government had to prove that he used, threatened, or attempted to use force. And it's force in the layperson sense under Johnson, under the other Johnson case. So that's not something – you prove that by getting a plea colloquy if the defendant pled guilty where he was told that. You prove it by getting the jury instructions he heard if it was a trial case. You could even try to prove it by showing it's standard practice to advise the defendant of those things if he pleads guilty or instruct the jury on that if he goes to trial. Maybe you even supplement it with the evidence that was presented at trial, which implies what the defendant thought about what had to be proven. So what about the plain error standard on insufficiency? Doesn't Johnson say we can look at the record as a whole and we know he has the conviction for the Washington harassment, a felony harassment? And we said in the prior appeal that's a categorical match because of the element of threatening to kill a person. Wouldn't his knowledge of that prior conviction establish that he knew it was violent because of the elements? No, I don't think it would, Your Honor, for two reasons. First of all, Johnson in plain error doesn't apply here to the sufficiency challenge. Perhaps probably applies to the instructional indictment challenges, but not the sufficiency challenge. Why is that? Because at the time he I understand we've said that a general rule 29 motion applies across the board. But wouldn't that mean across the board to what everyone in the courtroom at the time thought were the elements? No, Your Honor, I don't think so. No case has said that. The case said that that's not true. I don't know with certainty, Your Honor, but the cases say that it preserves all issues without argument. So I and none of the cases have suggested. So I don't think so. Second, Your Honor, to even if you were to look outside the record, the Johnson case talks about meaning. There's a big problem with looking outside the trial record to sentencing evidence that wasn't tested by cross-examination for elements in that kind of thing. And what Johnson says you need is, quote, overwhelming and uncontroverted, unquote, evidence. And you probably have that here as to the punishable by imprisonment exceeding one year because more than a year on several sentences. You don't have that just because he was convicted of felony harassment that this court has held as a crime of violence. You don't know what he was in. There's nothing in the record that says what he was informed of as far as the elements. There's nothing in the record about what the jury was instructed if he had gone to trial, though I think the record shows he didn't go to trial. So you're not having the sort of overwhelming and uncontroverted evidence that you have from someone having actually served more than a year in prison. All you have is the conviction and basically inferences and or speculation about what he was advised of. But to go back to the other point, Your Honor, the government concedes here, and I think rightly so, that de novo review applies and that plein air doesn't apply. So I don't think this court can or should conclude that plein air does apply. And there's nothing in the reasoning of that that suggests an exception. So, counsel, if you were to prevail here today, what is it you want us to do? You want us to send this back? You want us to reverse the whole thing and send it back to start over again? Well, Your Honor, we're not seeking to vacate the felon in possession of explosives conviction. But with respect to the armor, the armor question, what are you what are you asking us to do? We're asking you to vacate that conviction. We're also, of course, arguing to vacate the felon in possession of a firearm. OK, and and so you want you want you want us to. But that would give the government the chance to retry him. Correct. Under the Weems case that the government cites in this brief, yes. And and and you previously stipulated to both the question of the one year, one year prison term and the the crime of violence. Would you stipulate again? Well, I'm not the trial counsel. So the trial counsel would have to make that call. But right. I guess I assume, though, that you've read the PC, the PSR. I've read the PSR. This is not a favorable record to you. This is a miserable. This is a miserable record. I'm sorry. And and it seems to me that counsel that the defense counsel would be very well advised not to let the government splay this all over the courtroom in front of a jury, which is why routinely in these cases defendants have been stipulating to these questions. So they thought the government doesn't get to put this in front of the jury. Your Honor, one response, I guess if I were trying to case over again, yes, I would probably stipulate to the crime punishable by more than a year. I'm not sure I'd stipulate to the violent felon. I'm not sure that I'm as concerned. If a jury is going to hear my client's guilty of a felony anyway, I'm not sure I'm that concerned about them hearing it's, quote, felony harassment. That would be a judgment call that would have to be made after talking with my client and thinking about what issues might be raised about whether he knew that that required proof of a threat of force. But that, of course, ignores the question of of whether of whether what's required here is required. But you're right. In many cases, defendants are still going to be stipulating to the knowledge element. It really hates the defendant, I believe, didn't and wouldn't have wanted to. And there's probably other cases such as where a defendant was put on probation or such as maybe even this case where the crime in question, felony harassment is not so clearly a crime of violence and not so upsetting to a jury as some that he might not. I was going to say two minutes for rebuttal, but I have one. I have one other question. I'll ask the judge to give you the time. But if if if you are, if you if you'd said that, I thought you said that you would not probably not stipulate to the crime of violence, but would stipulate to the to the one year. Does that mean that there's no plain error as to the as to the other charge? No, Your Honor, that's not. Well, first of all, I, I would concede that there's probably no plain error if the plain air standard applies to sufficiency challenge on the felony possession count. However, my argument, as I was making earlier, is that plain air doesn't apply to the sufficiency question. And in fact, the government agrees with that position in its briefs. So I and plain and even under plain air, I don't believe you could find the necessary record for the crime of violence knowledge. How long did your did your client spend in jail? How long has he been in this case? No, sort of during his life. He had one 10 year sentence, probably three or four other sentences that are less than that. Okay. Okay, we'll give you two minutes for rebuttal. We'll hear now from Mr. Morgan. Good morning, Your Honors, and may it please the court, Michael Morgan for the United States. Regarding the body armor conviction, there is a textual distinction between the statutory structure in 931 and the statutory structure in 922. In 922, the prohibited status element precedes the possession element. So the Supreme Court in Rehaif reasoned plausibly and controllingly that since everyone agreed that the knowledge element applied to the possession element, it had to also apply to the antecedent status element. That's not the case with 931. With 931, the possession element is the first element listed in the statute, followed by the felony element, followed further by the cross-reference to 16a, incorporating the definition of a crime of violence. So consistent with Rehaif, you could construe the statute as applying the knowledge element of 924a7 to the possession and the felony and stop there. And that would actually be consistent with the enactment of this statute. This statute was enacted in 2002, at which time courts had, including this court, had consistently held that a crime status as a crime of violence is a question of law for the court, not a factual question for the jury. Congress no doubt enacted 931 with knowledge of that legal landscape. So it is possible, again, consistent with Rehaif, to construe the statute as not requiring knowledge of the crime of violence status. If we disagree with you on that, in weighing the sufficiency challenge, do you agree with Mr. Gunn that we would do that, we would not apply plain error? Well, the government would argue that the defense should be stopped from making any sufficiency challenge whatever, because the defense is trying to use affirmative use of the old chief stipulation. By stipulating to his status as a felon and as a felon convicted of a crime of violence, the defendant prevented the government from offering any evidence to support the evidence that the defense now says is lacking. That was a strategic choice counsel made. They didn't have to stipulate to this. Old chief does not require the defendant to stipulate to this. It simply gives the defendant an option. Having elected that option, the defense should not now be able to come into court and complain that the government failed to offer proof that his affirmative litigative conduct prevented the government from... Suppose we disagree with that. Is the standard of review de novo as your opposing counsel claims? As I think counsel has rightly stated that there is no case applying the generic rule 29 argument to this specific fact pattern. The cases do say that a generic rule 29 motion with no argument preserves all issues. Regardless of whether that is a good rule or not, I can see the argument and I think your honor is right to point out that whatever the merits of that argument may be for the state of the law at the time of trial. It is something else to say that somehow that preserves an issue that is a question of law that is decided six years later or seven years later. Nobody at the time of trial is even thinking that that is an issue. The whole rationale for the rule 29 motion as preserving all issues, it should preserve all issues that are viable and live. Not issues that have no legal basis and that become apparent in the future. There is an argument for why there should be an exception to that rule. I think the court would have to carve an exception. I don't think there is any case that would support that rule presently. Regardless of the standard, the record is pretty thin about his knowledge about what felony harassment meant and what the elements were. There is a lot of evidence, even reviewing the record as a whole, of his knowledge. Reviewing the record as a whole, I would point you to the probable cause statement for the felony harassment, which is at CR 297-2. We put in the judgment and sentence. At sentencing, we put in all the pertinent sentencing records, which basically makes clear that the felony harassment was his threat to kill his former girlfriend. By the way, that is also evidence just from the judgment and sentence because it cites the statute. The only thing that elevates relevant to this case, that elevates misdemeanor harassment to felony harassment, is the threat to kill. By definition, by pleading guilty to that crime and being convicted of that crime, the defendant had to know that he had threatened to kill his ex-girlfriend. In fact, that is evidence from the PSR and other evidence in the record. To the extent that the court is prepared to go outside the four corners of the trial record, there is sufficient evidence from which you could find the defendant knew that he threatened to kill his girlfriend. Whether that would be sufficient to show that he knew that this was a crime of violence, I suppose, would depend on what the court views as necessary to satisfy that element. If the defendant actually has to know that it meets the legal definition of a crime of violence, which I think if you accept the defendant's construction of the statute, that's kind of what has to be proven. I don't think the defendant knew that. He says that's not what he's claiming. I understand that's not what he's claiming, but textually, his argument has no support in the statute. The statute doesn't say the defendant has to, assuming that the knowledge element goes beyond the felony, it doesn't say the defendant has to know that the felony is violence as a lay person would understand that term. It says he has to know that felony is a crime of violence as defined in subsection 18 U.S.C. 16A. That's what the statutory language says. The defense is trying to carve out an exception because I think the defense recognizes that if the statute... But that doesn't just mean that it has to have as an element the threatened use of force with force then being defined in the way that the Supreme Court in the first Johnson case defined it. Correct. And defense counsel suggests that that's force as the lay person would understand that term. I'm not so sure that's true. Again, that's sort of the problem with trying to incorporate the legal definition of a crime of violence as an element that's a factual question that the jury has to resolve. Again, that's why the case is uniformly whole. That's not a question for a jury. That's a question for a court. Let me ask you about before your time runs out about the sentencing issue. We're now here on the third appeal of this sentence. And while the sentence was lowered from the first to the second appeal that it's apparently because of the statutory maximum and the second appeal, it was sent back. And then he imposed the exact same sentence again and seemingly did not pay much attention to the prior reversals and just made clear he was going to give him the maximum sentence that he could get away with. What is your response to that? I don't think it's fair to Judge Layton to say that he was ignoring the reversals. The reversals had nothing to do with the substantive reasonableness of his sentence. They were simply legal determinations about whether various crimes qualified for enhancements. And the court has on every occasion, of course, followed this court's orders and has calculated the guidelines accordingly. But as the court has made clear in this case, the court did not view this as a guidelines case. I mean, the court viewed this as the defendant's conduct and history as falling outside the reduced guideline. And that's what sentencing judges do every day. The judge, as he said, the guidelines are a guide until they're not. The court full well knew what the guidelines were. He also full well knew, given his history with this case and Mr. Doar's history, that the guideline range as calculated following what are reductions in the range due to excluding factually violent crimes as crimes of violence. The guideline range wasn't actually accurately capturing what would be a just sentence. And the court varied upward. The court's permitted to do that. And again, the court has twice made clear that it thinks that this is the appropriate sentence for this defendant. And the record bears that out. I don't think it's a fair characterization to say that the judge is ignoring the guidelines. He's simply varying upward based on the facts. Unless the court has any further questions, I'd ask the judge to be affirmed. Thank you. Thank you, counsel. Please put two minutes on the clock for rebuttal. I'm sorry. Go ahead. Thank you, Your Honor. I just want to real briefly on the sentencing issue because I want to talk about the other issues. The bottom line here is you have the record in front of you. The judge basically said he didn't give a darn what the guidelines said. That is not what judges do every day. Judges calculate guidelines. They treat them as an anchor. They give them at least some weight. And then sometimes they say, no, there's other factors that override it. That's not what happened here. Your Honors have the record. You can read it. On the plain air issue, two points, Your Honor. First, the problem with the probable cause statement that Mr. Morgan referred to is that talks about what the defendant did, what he allegedly did. And, of course, it's what he allegedly did, not necessarily what he did do or what he admitted doing. And what is required by REHAVE and by the statutory reference to crime of violence is the defendant knowing he was convicted of an offense that has as an element the use, threatened use, or attempted use of force. So what the defendant needs to know is that the government had to prove the use of force, not the threat of force, not that he in fact used it or threatened it. And that's where the record here is too sparse. So that's problem number one. Problem number two is I don't think... Well, but the record does show that he pled guilty to that. And that plea could not have been taken unless he was advised of the elements. So then he would have known of the threat to kill element. Well, but that's where you're getting up out of what Johnson requires as far as overwhelming and uncontroverted evidence. You're having to make inferences that the district court did it the right way. You have to make inferences about just what was said. You have to make inferences about the defendant having heard and understood that, things like that. And that's the kind of thing that I don't think Johnson lets you go outside the record for. The other point I wanted to make, Your Honor, is you can't and shouldn't carve that exception out here to the general rule of the NOVA review. Part of the concept of plein air is it's the defendant's fault for not bringing something up. There's no fault on the part of the defendant here. I grant there's no fault on the part of the defendant. That's why under Weems it's going to get a retry of the case. But there's also no fault on the part of the defendant. This isn't like some knowing waiver or some knowing fault of the defendant. And that's a reason you should not carve out an exception to the general rule, which I don't believe any other case has ever done. There are a couple other things I could say, but I see I'm over my time. So unless the court has questions, I'll submit it. All right. Thank you, counsel. I appreciate the helpful arguments of both sides. The case just argued will be submitted.
judges: Bybee, Soto, Collins